Abraham A. Berry, J.
Plaintiff sued to recover the sum of $4,000 represented by two checks, each in the sum of $2,000, one dated March 31, 1960 and the other dated April 13, 1960. Both checks were made out in a rather unusual fashion, as follows: *746 “ Pay to the order of B & M Electric Corp. Max Marcus.” It should be noted that neither of the checks was made payable to B & M Electric Corp. and Max Marcus or B & M Electric Corp. or Max Marcus. These checks were given simultaneously with two purchase orders each in the sum of $2,000 and represented moneys paid in advance for merchandise to be manufactured and delivered by B & M Electric Corp. and guaranteed by Max J. Marcus. The proceeds of the checks were deposited in the account of B & M Electric Corp. The two checks in suit were indorsed by B & M Electric Corp. but did not contain the name of Max Marcus in the indorsement. The checks deposited in the account of B & M Electric Corp. in the Atlantic Bank of New York were forwarded by that bank to the defendant Chase Manhattan Bank (plaintiff’s depository) with the usual guarantee by Atlantic of prior indorsement, such guarantee having been placed on such checks in the regular course of business by an authorized employee of Atlantic.
B & M Electric Corp. defaulted to some extent in the completion of the purchase order of March 31, 1960 and defaulted completely on the order of April 13, 1960, although the fourth-party defendant, Marcus, testified that both orders were completely complied with. In any event, sometime after the default an action was brought by plaintiff against Chase Manhattan Bank, claiming that the indorsements on the checks were not in accordance with the manner in which they were drawn, and that thereby the Chase Manhattan Bank was liable to plaintiff for honoring these checks. This action was discontinued for some reason, and the present action was instituted in September, 1964.
The court finds as a fact that it was always the intention of the parties, including the plaintiff, that the checks were to be deposited to the account of B & M Electric Corp.; that the checks were so deposited, and the proceeds went to the place where it was intended to go, namely, the account of B & M Electric Corp. It might be mentioned in passing that a prior check which accompanied a purchase order and which was made out in the same manner but indorsed by both B & M Electric Corp. and Max Marcus, was also deposited in the account of B & M Electric Corp. It is apparent that the failure to attach the name of Max Marcus to the indorsement on the checks in suit did not result in any damage to plaintiff. It is the court’s opinion that this action was merely an afterthought on the part of plaintiff to obtain the proceeds of the checks because of the failure of the manufacturer, B & M Electric Corp. and its guarantor, to complete the terms of the purchase orders.
*747 It should be noted that Max Marcus was the sole stockholder and the president and treasurer of the B & M Electric Corp.
Section 71 of the Negotiable Instruments Law provided as follows:‘ Where an instrument is payable to the order of two or more payees or indorsees who are not partners, all must indorse, unless the one indorsing has authority to indorse for the others.” Max Marcus did have such authority to indorse the checks not only for himself but on behalf of the corporation. In Commercial Credit Corp. v. Empire Trust Co. (156 F. Supp. 599) it was held that where the proceeds of a check went to the very person for whom the loan was intended, plaintiff was not entitled to recover. In Gilbert v. Chase Nat. Bank (108 F. Supp. 229) Judge Kaufman held that there is nothing sacred about an indorsement on a check, and that the absence of an indorsement does not affect the payee’s title (referring to Negotiable Instruments Law, § 79; citing authorities). In 9 C. J. S., Banks and Banking, p. 684, we find the rule stated as follows: ‘Although it is customary for banks to require the payee of a check to indorse it in blank as a voucher for payment, such indorsement is not ordinarily essential to the validity of a payment to a payee entitled to receive the proceeds. The bank, in paying without such indorsement, discharges its obligation to the drawer of the check, whether it compensates a payee entitled to the proceeds, or his authorized agent, and it is immaterial that it did not know that the payee received such proceeds. Indeed it has been held that the bank is bound to pay the payee without any indorsement or receipt, where it knows him to be the person described in the check.” (Italics ours.)
Judgment for the defendant Chase Manhattan Bank; cross complaints against the third-party defendant and fourth-party defendants are dismissed by reason of the dismissal of the original cause of action.